Thomas P. Bleau, Esq., SBN 152945
   E-mail: tbleau@bleaufox.com
Megan A. Childress, Esq., SBN 266926
   E-mail: mchildress@bleaufox.com
BLEAU FOX a P.L.C.
2801 W. Empire Ave.
Burbank, CA 91504
Telephone: (818) 748-3434
Facsimile: (818) 748-3436

Attorneys for Plaintiff,
JAY GANESH PETRO INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY GANESH PETRO INC., a California corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TREASURE FRANCHISE COMPANY LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  2:20-cv-00354<br><br>COMPLAINT FOR: DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF (VIOLATIONS OF THE PETROLEUM MARKETING PRACTICES ACT, 15 U.S.C. § 2801, ET SEQ.)<br><br>DEMAND FOR JURY TRIAL |

## PRELIMINARY ALLEGATIONS

1.     Plaintiff JAY GANESH PETRO INC. ("Plaintiff") is a corporation organized under the laws of California, having its principal place of business in the County of Los Angeles, State of California. Plaintiff owns and operates an ARCO-branded retail motor fuel facility and ampm mini market located at 3955 East Ocean Boulevard, Long Beach, California 90803, in the County of Los Angeles, State of California (the "Station").

2.     Defendant TESORO REFINING & MARKETING COMPANY LLC (hereinafter referred to as "Tesoro") is a Delaware limited liability company doing

1. business within the County of Los Angeles, State of California, and subject to the jurisdiction of the above-entitled Court.

3. Defendant TREASURE FRANCHISE COMPANY LLC (hereinafter referred to as "TFC") is a Delaware limited liability company doing business within the County of Los Angeles, State of California, and subject to the jurisdiction of the above-entitled Court. (TFC and Tesoro are referred to herein collectively as "Defendants").

4. Plaintiff is not aware of the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff shall amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is in some manner intentionally or negligently responsible for the things herein alleged and the damages suffered by Plaintiff.

5. Plaintiff is informed and believes and based thereon alleges that each of the Defendants, fictitious and real, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

6. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, each of the fictitiously named Defendants was the agent, servant, employee, co-venturer and/or alter ego of each of the remaining fictitiously named Defendants and were acting within the course, scope, purpose, consent, knowledge and authorization of such agency, employment and/or joint venture and each fictitiously named Defendant has ratified and approved the acts of his, her and/or its agent.

7. Whenever in this Complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

## JURISDICTION

8. Jurisdiction over this action is based on the provisions of the Petroleum Marketing Practices Act, 15 U.S.C. Section 2805, et seq. (hereinafter, the "PMPA"), which explicitly confers jurisdiction on the United States District Courts over civil actions brought against franchisors by franchisees, regardless of the amount in controversy. Jurisdiction over this action is therefore appropriate since this case involves a Federal Question pursuant to the provisions of 28 U.S.C. Section 1331.

## VENUE

9. Venue is appropriate in this district pursuant to 28 U.S.C. Section 1391(b) and 15 U.S.C. Section 2805(a) because the subject real property and business premises are located within the boundaries of the Central District.

## FIRST CLAIM FOR RELIEF

(For Damages, Injunctive Relief and Equitable Relief, Exemplary Damages, Attorneys' Fees and Costs for Violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.)

10. Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 9, inclusive, as if fully set forth herein.

11. Plaintiff and Defendants (by assignment) are parties to an am/pm Mini Market Agreement dated December 27, 2007 (the "am/pm Agreement") and a Contract Dealer Gasoline Agreement dated December 27, 2007 (the "Gasoline Agreement") (the am/pm Agreement and Gasoline Agreement are referred to collectively herein as the "Franchise Agreements").

12. There is a brand covenant that prohibits the sale of motor fuel or the operation of a convenience store or fast food restaurant under an agreement other than with BP (or its assignees) for twenty (20) years from December 2007 (hereinafter

1 referred to as the "Brand Covenant"). The Brand Covenant is contained in the Grant Deed recorded with the Los Angeles County Recorder's Office.

13. Under the Franchise Agreements, Plaintiff and Defendants agreed (among other things) that Plaintiff would purchase and accept from Defendants minimum quantities of ARCO-branded gasoline at the Station and maintain the Station in accordance with Defendants' imaging standards and specifications for the term of the Franchise Agreement. A true and correct copy of the Franchise Agreements is attached to this Complaint as <u>Exhibit 1</u> and incorporated herein by reference.

14. On or about October 21, 2019, Defendants sent Plaintiff a letter entitled "NOTICE OF TERMINATION" (hereinafter referred to as the "Notice of Termination") in which Defendants stated that the franchise relationship will terminate on January 20, 2020 because Plaintiff had purportedly breached the *ampm* Agreement by purportedly failing to meet certain image standards, and because Plaintiff had purportedly breached the Gasoline Agreement by purportedly being out of fuel on specified dates. The Notice of Termination further stated that upon the effective date of the termination set forth above, Plaintiff is required to debrand the Station and "pay Tesoro all sums due and owing to Tesoro as a result of franchisee's operation of the facility and all other sums due and owing arising out of the franchise relationship" which purportedly amounts to "greater than <u>$691,911.09</u>."

15. Plaintiff is informed and believes and based thereon alleges that the PMPA does not permit Defendants to terminate a franchise based solely on alleged and unsubstantiated failed image standards, as Defendants are attempting to do in this case. Plaintiff is further informed and believes and based thereon alleges that the PMPA does not permit Defendants to terminate a franchise for a failure by the franchisee to operate the marketing premises for less than seven consecutive days, as Defendants are attempting to do in this case. Plaintiffs are informed and believe and based thereon allege that Defendants are using these arbitrary image standards,

together with the Brand Covenant, as a means of increasing the number of service stations owned and operated by Defendants or their affiliates, and to eliminate certain stations as competitors of those stations operated by Defendants or their affiliates.

16. Defendants are a franchisor within the meaning of the PMPA.

17. Defendants have furnished Plaintiff with notice that the franchise relationship is terminated, effective January 20, 2020.

18. Plaintiff is informed and believes and based thereon alleges that Defendants' determination to terminate the franchise relationship was not made in good faith or in the normal course of business, but rather was purely pretextual and for the purpose of increasing the number of service stations owned and operated by Defendants or their affiliates and eliminating Plaintiff as a competitor of those stations operated by Defendants or their affiliates.

19. Plaintiffs are informed and believe and based thereon allege that Defendants violated the PMPA when they gave notice of intention to terminate the franchise relationship because Defendants did not have the right to terminate Plaintiff's franchise based solely on arbitrary image standards and purported fuel outages for less than seven consecutive days.

20. Plaintiff is informed and believes and based thereon alleges that Defendants are terminating Plaintiff's franchise for the purpose of converting the marketing premises to a company operated station in violation of the PMPA.

21. There are serious questions surrounding the validity of Defendants' actions and Defendants' obligations to Plaintiff under the PMPA. Such questions are fair grounds for litigation.

22. Plaintiffs are informed and believe and based thereon alleges that the continued course of conduct of Defendants will cause Plaintiff substantial hardship and irreparable harm. If Defendants are permitted to continue with their course of conduct, then Plaintiff will lose its franchise and its substantial investment therein.

The financial hardship currently imposed on Plaintiff by Defendants will be virtually impossible to overcome by money damages.

23. Plaintiff is entitled to a temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Defendants, their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from attempting termination of Plaintiff's franchise or taking any further steps towards the termination of the franchise relationship.

24. Plaintiff is also entitled to a temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Defendants, their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates and/or subsidiaries, from attempting to take, or taking any, bad faith efforts in attempting to establish grounds for termination of Plaintiff's franchise relationship with Defendants.

25. Plaintiff is informed and believes and based thereon alleges that as compared to the substantial hardship and irreparable harm to Plaintiff, Defendants will suffer minimal hardship, if any, by the imposition of a temporary restraining order/preliminary injunction/permanent injunction because Plaintiff will continue to purchase fuel from Defendants pursuant to the Franchise Agreements, thereby restoring the parties to the positions they were in before Defendants unlawfully terminated Plaintiff's franchise.

26. Plaintiff is informed and believes and based thereon alleges that Plaintiff has and will continue to suffer damages, in an amount to be proven at trial, as a proximate result of the violation of the PMPA by Defendants, as set forth herein.

27. Plaintiff is entitled to the above-requested relief under the PMPA. Plaintiff is also entitled to any other equitable relief which the Court determines is necessary in order to remedy the effect of Defendants' willful failure to comply with the PMPA.

28. Plaintiff is entitled to and requests exemplary damages in an amount sufficient to deter further violations of the PMPA as a result of Defendants' willful disregard of the requirements of the PMPA and the rights of Plaintiff.

29. Plaintiff is entitled to and requests attorneys' fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to Section 2805(d) of the PMPA.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. A temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Defendants, their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from attempting termination of Kim's franchise or taking any further steps towards the termination of Kim's franchise;

2. A temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Defendants, their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from attempting to take, or taking any, bad faith efforts in attempting to establish grounds for termination of Kim's franchise relationship with Defendants;

3. An award of compensatory damages as allowed under the PMPA which were incurred as a proximate result of Defendants' violations of the PMPA;

4. Any other equitable relief which the Court determines is necessary in order to remedy the effect of Defendants' willful failure to comply with the PMPA;

5. An award of exemplary damages in an amount to deter further violations of the PMPA as a result of Defendants' willful disregard of the requirements of the PMPA and the rights of Kim;

6. An award of attorneys' fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to the PMPA;

7. For costs of suit herein incurred; and

8. For such other and further relief as the Court may deem proper.

Dated:   January 13, 2020             BLEAU FOX, A P.L.C.

                                     By:   /s/  Thomas P. Bleau
                                            Thomas P. Bleau, Esq.
                                            Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiffs Jay Ganesh Petro Inc. hereby demands a trial by jury of all claims herein which are properly the subject of a trial by jury.

Dated:   January 13, 2020        BLEAU FOX, A P.L.C.

                                     By:   /s/  Thomas P. Bleau
                                         Thomas P. Bleau, Esq.
                                         Attorneys for Plaintiff