1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAY GANESH PETRO INC., a California corporation, | Case No.  2:20-cv-00354-CJC-SK<br>Judge: Hon. Cormac J. Carney |
| Plaintiff, | |
| v. | **ORDER GRANTING STIPULATED PRELIMINARY INJUNCTION** |
| TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TREASURE FRANCHISE COMPANY LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | Action Filed: January 13, 2020<br>Trial Date: Not Yet Set |
| Defendants. | |
| TESORO REFINING & MARKETING COMPANY LLC; TREASURE FRANCHISE COMPANY LLC, | |
| Counter-Claimants, | |
| v. | |
| JAY GANESH PETRO INC., a California corporation; KANUBHAI PATEL, an individual; IQBAL SINGH, an individual; JAYANTILAL PATEL, an individual; and ROES 1-10, inclusive, | |
| Counter-Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4811-7147-7181.1

ORDER GRANTING STIPULATED PRELIMINARY INJUNCTION

Based upon the agreement and stipulation by and between Plaintiff, JAY GANESH PETRO INC. ("Plaintiff") and Defendants, TESORO REFINING & MARKETING COMPANY LLC and TREASURE FRANCHISE COMPANY LLC (collectively, "Defendants") (Plaintiff and Defendants are referred to herein collectively as the "Parties" or individually as a "Party"), it is hereby ordered that the Parties' Stipulated Preliminary Injunction ("Stipulation") is GRANTED by the Court and a preliminary injunction shall issue upon the following terms:

1. The Parties will continue the franchise relationship between the Parties and operate the ARCO-branded retail motor fuel facility and *ampm* Mini Market located at 3955 E Ocean Blvd, Long Beach, CA 90803-2818, Facility No. 82835 pursuant to the requirements of the Franchise Agreements (as defined by the Stipulation) for 90 days commencing on the date of this Order ("Injunction Period").  Except as provided herein, Defendants are enjoined from enforcing the notice of termination, dated October 21, 2019, ("Notice of Termination") during the Injunction Period.

2. Notwithstanding Paragraph 1 of this Order, Defendants may exercise their rights under the Franchise Agreements or at law to (1) enforce the Notice of Termination after the conclusion of the Injunction Period; (2) provide notice of termination for acts or conduct constituting a breach of the Franchise Agreements or other legal grounds for such action occurring during the Injunction Period; and (3) receive any sums due and owing to Defendants.

3. Notwithstanding the rights reserved by Defendants in paragraph 2, Plaintiff may seek an additional injunction by filing an appropriately noticed motion in the event that Defendants choose to proceed to enforce the Notice of Termination after the conclusion of the Injunction Period

4. No Party is required to post a bond or undertaking.

5. The Parties reserve their respective rights, remedies, and defenses in this action and in relation to the Franchise Agreements, notwithstanding this

Order.

6.  This Order may be modified upon good cause shown, including but not limited to any Parties' breach of the terms of the Franchise Agreement.

**IT IS SO ORDERED.**

Dated: June 19, 2020

Honorable Cormac J. Carney
Chief U.S. District Judge